BARKETT, Circuit Judge,
dissenting:
I believe we have jurisdiction in this case. Alvarez Acosta was not ordered removed based on his prior criminal conviction for possession of drug paraphernalia under 8 U.S.C. § 1182(a)(2)(A)(i)(II) which would have deprived this court of jurisdiction pursuant to 8 U.S.C. § 1252(a)(2)(C). Rather, the Immigration Judge ordered the removal of Alvarez Acosta from the United States to Colombia under § 212(a)(6)(A)(I) of the Immigration and Nationality Act as an alien present in the United States without having been admitted or paroled.
*1198 Accordingly, I agree with those circuits that have found that we have jurisdiction to review claims in which the alien has been found removable for a reason other than a criminal conviction that would potentially bar judicial review. See Hernandez-Barrera v. Ashcroft, 373 F.3d 9, 20 (1st Cir.2004); Lemus-Rodriguez v. Ashcroft, 350 F.3d 652, 654-55 (7th Cir.2003); Alvarez-Santos v. INS, 332 F.3d 1245, 1253 (9th Cir.2008); Yousefi v. INS, 260 F.3d 318, 325 (4th Cir.2001).
Nonetheless, on the merits of Alvarez Acosta’s petition, I would deny relief on the basis that the Immigration Judge did not abuse her discretion in denying Alvarez Acosta’s motion for a continuance of the removal proceedings.